*737 In related visitation proceedings pursuant to Family Court Act article 6, the mother appeals from (1) so much of an order of the Supreme Court, Kings County (Morgenstern, J.), dated November 1, 2012, as directed her to deliver the subject child’s passport to the court, and (2) an order of the same court, also dated November 1, 2012, which directed her to deliver the subject child’s passport to the court.
Ordered that on the Court’s own motion, the notice of appeal from so much of the first order dated November 1, 2012, as directed the mother to deliver the subject child’s passport to the court is deemed to be an application for leave to appeal from that portion of the order, and leave to appeal is granted (see Family Ct Act § 1112 [a]); and it is further,
Ordered that the first order dated November 1, 2012, is reversed insofar as appealed from, on the law, without costs or disbursements; and it is further,
Ordered that on the Court’s own motion, the notice of appeal from the second order dated November 1, 2012, is deemed to be an application for leave to appeal from that order, and leave to appeal is granted (see Family Ct Act § 1112 [a]); and it is further,
Ordered that the second order dated November 1, 2012, is reversed, on the law, without costs or disbursements.
In October 2010, the Supreme Court awarded the mother custody of the subject child, with visitation to the father. In August 2012, the mother filed a petition to modify the provisions of the order of custody and visitation, among other things, so as to grant the father only supervised visitation with the subject child. The father filed a cross petition seeking expanded visitation. As relevant here, the Supreme Court directed that neither parent could leave the country with the subject child absent a court order, that the father was not to obtain an Egyptian passport for the child, and that the mother was to deliver the child’s passport to the court. On appeal, the mother contends that there was no basis for the Supreme Court’s directive that she deliver the subject child’s passport to the court.
Under the circumstances of this case, the Supreme Court erred in directing the mother to deliver the subject child’s passport to the court (see generally Linda R. v Ari Z., 71 AD3d 465, 465-466 [2010]; Anonymous v Anonymous, 120 AD2d 983, 984 [1986]; Jin C. v Juliana L., 39 Misc 3d 1201[A], 2013 NY Slip Op 50397[U] [Sup Ct, Kings County 2012]). There is no evidence in the record that the mother posed any threat to remove *738 the subject child from the country without court approval and, therefore, there was no basis for the Supreme Court’s directive that she deliver the child’s passport to the court.
Balkin, J.E, Dickerson, Leventhal and Roman, JJ., concur.