In an action for a divorce and ancillary relief, the plaintiff appeals from a judgment of the Supreme Court, Nassau County (Bruno, J.), entered January 4, 2013, which, upon a decision of the same court dated December 11, 2012, made after a nonjury trial, and upon denying his request to abate the action based on the death of the wife, inter alia, awarded the defendant the sum of $70,986.76 for arrears accrued pursuant to an order of the same court dated August 5, 2010, awarding the now-deceased wife pendente lite child support, awarded the defendant the sum of $16,372, representing a portion of the proceeds of a refinancing of the now-deceased wife’s separate property, awarded the defendant the sum of $8,321, representing the now-deceased wife’s share of the cash surrender value of a life insurance policy purchased during the marriage, and directed him to pay the defendant’s counsel fees in the sum of $112,097.98.
Ordered that the judgment is modified, on the law, on the facts, and in the exercise of discretion, by deleting the provision thereof directing the plaintiff to pay the defendant’s counsel fees in the sum of $112,097.98, and substituting therefor a provision directing the plaintiff to pay the defendant’s counsel fees in the sum of $84,073.49; as so modified, the judgment is affirmed, without costs or disbursements.
The Supreme Court granted the plaintiff a divorce on the ground of constructive abandonment. The court, however, withheld entry of a judgment of divorce until the trial on the ancillary issues was completed. After the trial on the ancillary issues was completed, but before a decision was rendered on those issues, the wife died. Thereafter, a personal representative of the wife’s estate was substituted as a defendant in place of the wife, and the plaintiff requested that the court abate the action due *847 to the wife’s death. The court denied that request and rendered a decision on the merits, upon which the judgment was entered.
Contrary to the plaintiffs contention, the action did not abate upon the death of the wife, since the court had made the final adjudication of divorce before the wife’s death, but had not performed the “mere ministerial act of entering the final judgment” (Cornell v Cornell, 7 NY2d 164, 170 [1959]). In addition, a cause of action for equitable distribution does not abate upon the death of a spouse (see Matter of Agliata, 222 AD2d 1025 [1995]). “Consequently, if a party dies in possession of a vested right to equitable distribution, and that right has been asserted during the party’s lifetime in an action in a court of this State, that right survives the party’s death and may be asserted by the estate” (Peterson v Goldberg, 180 AD2d 260, 263 [1992]).
“A pendente lite award should be an accommodation between the reasonable needs of the moving spouse and the financial ability of the other spouse, determined with due regard for the preseparation standard of living” (Albanese v Albanese, 234 AD2d 489, 490 [1996]). A pendente lite award is subject to modification where the payor establishes that he is unable to meet his own financial obligations or where justice otherwise requires a modification (see McGarrity v McGarrity, 49 AD3d 824, 825 [2008]; Fruchter v Fruchter, 29 AD3d 942, 944 [2006]).
Here, the pendente lite award made pursuant to the order dated August 5, 2010, was consistent with the needs of the wife and children, and the parties’ preseparation standard of living. Moreover, the Supreme Court properly rejected the plaintiffs claim of inability to pay the award and, thus, he was not entitled to an adjustment of the equitable distribution based on an excessive pendente lite award.
The Supreme Court properly awarded the defendant the sum of $16,372, representing a portion of the proceeds of a refinancing of the wife’s separate property, which the plaintiff used for personal and litigation-related expenses. While these proceeds were deposited into a joint bank account in the name of both the plaintiff and the wife, they were not comingled with marital funds, and both parties testified that the intention was to use the proceeds to renovate the marital residence. Since the plaintiff withdrew the proceeds and used them for purposes unrelated to renovation of the marital residence, the court properly awarded the defendant the amount of those proceeds, which were directly traceable to the wife’s separate property.
Moreover, the Supreme Court properly awarded the defendant the sum of $8,321 as the wife’s share of the cash surrender value of a life insurance policy which was purchased during the *848 marriage (see Dougherty v Dougherty, 256 AD2d 714, 715 [1998]).
However, the Supreme Court improvidently exercised its discretion in directing the plaintiff to pay 100% of the defendant’s counsel fees. A counsel fee award for 75% of the defendant’s counsel fees, or $84,073.49, is more appropriate under the circumstances of this case {see Domestic Relations Law § 237).
The defendant’s remaining contention is not properly before this Court.
Skelos, J.E, Dillon, Roman and Maltese, JJ., concur.