■ In the Matter of NOELLA LUM B., Appellant, v KHRISTO- PHER T.R., Respondent. [999 NYS2d 35]—

Order, Family Court, New York County (Marva A. Burnett, Referee), entered on or about March 27, 2013, which, after a hearing, denied petitioner mother's motion for an order direct- ing respondent father to cooperate and execute all documents necessary to obtain a renewal passport for the subject child, unanimously reversed, on the law and the facts, without costs, the mother's application granted, and the father directed to co- operate in obtaining a renewed passport for the child.

The parenting agreement entered into between the parties in 2007 provided, among other things, sole physical residential custody to the mother and visitation to the father. The agree- ment contemplated "air travel" by the child with one parent, and did not prohibit either party from traveling outside of the United States with the child. The mother previously had trav- eled internationally with the child, both before and after the parties' separation, until the child's passport expired in 2009. Although the parenting agreement required the parties to exe- cute all documents that may be necessary to give its provisions full force and effect, the father refused to execute documents necessary for the renewal of the child's United States passport (see 22 CFR 51.28 [a] [3] [i], [ii] [E]). The father, however, failed to demonstrate that there had been a significant change in cir- cumstances warranting modification of the agreement to pro- hibit international travel (see Matter of Awan v Awan, 75 AD3d 597, 598 [2d Dept 2010]; see generally Matter of Reven W. v Jenny Virginia D., 107 AD3d 445, 446 [1st Dept 2013]). Al- though the father claimed that relations with the mother had deteriorated and that he feared she would abscond with the child, he acknowledged that the mother had complied with all aspects of the parenting agreement, had never threatened to take the child, and had returned from all prior trips with the child, which she had taken with the father's knowledge and consent, in a timely manner and without incident. Moreover, al- though the father asserted that the mother had family living abroad (which had always been the case), the mother is a citi- zen of the United States and has significant family connections here. Indeed, the father characterized the risk of the mother absconding with the child as remote or a 1% chance, and did

not object to the child traveling abroad when she turned 12, which would occur three years after the hearing. Moreover, although the Family Court's credibility determinations are entitled to "great deference" (*Matter of Brittni K.*, 297 AD2d 236, 237 [1st Dept 2002] [internal quotation marks omitted]), in this case, the court's determination that the mother posed a flight risk based upon, among other things, her two prior applications for relocation, which were made pursuant to the agreement, "lacks a sound and substantial evidentiary basis" (*id.* at 238 [internal quotation marks omitted]). The evidence does not support the court's finding that the mother would permanently remove the child from the country if she obtains the requested passport (*see Matter of Hamad v Rizika*, 117 AD3d 736, 737-738 [2d Dept 2014]; *Linda R. v Ari Z.*, 71 AD3d 465, 466 [1st Dept 2010]). We further note that the attorney for the child has at all times supported the mother's application. Concur—Sweeny, J.P., Renwick, DeGrasse, Clark and Kapnick, JJ.