■ In the Matter of JOSEPH R., JR., and Another, Children Alleged to be Neglected. JASMINE M.G., Appellant; ADMINISTRATION FOR CHILDREN'S SERVICES OF THE CITY OF NEW YORK, Respondent. [26 NYS3d 272]—

Order of disposition, Family Court, New York County (Jane Pearl, J.), entered on or about February 2, 2015, which, upon a fact-finding determination that the respondent mother neglected Joseph R., Jr., and derivatively neglected Kaitlyn L.R., released them to the custody of the nonrespondent father, with supervision by petitioner Administration for Children's Services, unanimously affirmed, without costs. Appeal from order of fact-finding, same court and Judge, entered on or about July 25, 2014, unanimously dismissed, without costs, as subsumed in the appeal from the order of disposition.

A preponderance of the evidence, including testimony by the child Joseph Jr., supports Family Court's determination that respondent inflicted excessive corporal punishment upon her son (Family Ct Act §§ 1012 [f] [i] [B]; 1046 [b] [i]). There was a history of "struggles" between the mother and son, resulting in punishments ranging from use of a belt to strike him, to forcing him to kneel on rice while naked, and resulting in prior ACS intervention. The mother was arrested after an altercation in which she scratched the child, drawing blood, and kneed

him in the groin, causing pain (*see Matter of Joseph C. [Anthony C.]*, 88 AD3d 478, 479 [1st Dept 2011]). This evidence, as well as the evidence that the mother had subjected Kaitlyn to excessive corporal punishment in the past, supports the finding of derivative neglect of Kaitlyn (*see Matter of Naomi J. [Damon R.]*, 84 AD3d 594 [1st Dept 2011]). There is no basis to disturb the Family Court's credibility determinations (*see Matter of Irene O.*, 38 NY2d 776 [1975]).

The evidence also supported the court's determination that the best interests of the children would be served by releasing them to the custody of their father, notwithstanding that his apartment was overcrowded, since he was ably attending to their educational, medical and psychological needs (*see Matter of Nichelle McF.*, 23 AD3d 209 [1st Dept 2005]). Concur—Acosta, J.P., Renwick, Andrias and Moskowitz, JJ.