■ JIN C., Respondent, v JULIANA L., Appellant. [27 NYS3d 677]—

Appeals from (1) an order of the Supreme Court, Kings County (Jeffrey Sunshine, J.), dated December 18, 2013, and (2) an order of that court dated September 8, 2014. The order dated December 18, 2013, insofar as appealed from, denied those branches of the mother's motion which were for an award of pendente lite maintenance, for payment of alleged child support arrears, for a subpoena of the father's banking records, and, in effect, for leave to reargue her opposition to the father's application for custody. The order dated September 8, 2014, insofar as appealed from, denied those branches of the mother's motion which were to change the location of parenting exchanges, and for permission to take the child to visit Indonesia.

Ordered that the appeal from so much of the order dated December 18, 2013, as denied that branch of the mother's motion which was, in effect, for leave to reargue her opposition to the father's application for custody is dismissed, without costs or disbursements; and it is further,

Ordered that the order dated December 18, 2013 is affirmed insofar as reviewed, without costs or disbursements; and it is further,

Ordered that the order dated September 8, 2014 is affirmed insofar as appealed from, without costs or disbursements.

Initially, the appeal from so much of the order dated December 18, 2013, as denied that branch of the mother's motion which was, in effect, for leave to reargue her opposition to the father's application for custody is dismissed, as no appeal lies from an order denying reargument (*see Viola v Blanco*, 1 AD3d 506, 507 [2003]).

The Supreme Court properly denied that branch of the mother's motion which was for pendente lite maintenance. The purpose of pendente lite maintenance is to ensure that a needy spouse is provided with funds for his or her support and reasonable needs pending trial. It is not to determine the correct ultimate distribution (*see Albanese v Albanese*, 234 AD2d 489 [1996]). A pendente lite award should be an accommodation between the reasonable needs of the moving spouse and the financial ability of the other spouse, determined with due regard for the preseparation standard of living (*see Fieland v Fieland*, 229 AD2d 465, 466 [1996]). Modifications of pendente lite awards should rarely be made by an appellate court and then only under exigent circumstances, such as when a party cannot meet his or her financial obligations (*see Brooks v Brooks*, 30 AD3d 363, 364 [2006]; *Otto v Otto*, 13 AD3d 503 [2004]). "[A]ny perceived inequities in pendente lite support and maintenance can best be remedied by a speedy trial, at which the parties' financial circumstances can be fully explored" (*Swickle v Swickle*, 47 AD3d 704, 705 [2008]). Here, the Supreme Court correctly noted that the parties were married for less than two years, that the litigation had continued for almost four years, and that after the commencement of this action, the mother transferred more than $100,000 to her family in Indonesia.

The Supreme Court also properly denied that branch of the mother's motion which was for payment of alleged child support arrears. The court properly noted that the mother failed to specify the amount of child support she believed the father owed her, and failed to indicate which payments the father had not made.

The Supreme Court also properly denied that branch of the mother's motion which was to change the location of the parenting exchanges to a police precinct near her home. In order to modify an existing custody or visitation order, there must be a showing that there has been a change in circumstances such that modification is required to protect the best interests of the child (*see Matter of Preciado v Ireland*, 125 AD3d 662 [2015]; *Matter of Holmes v Holmes*, 116 AD3d 955 [2014]). The best interests of the child must be determined by a review of the totality of the circumstances (*see Eschbach v Eschbach*, 56 NY2d 167, 171-172 [1982]). "Since weighing the factors relevant to any custody [or visitation] determination requires an evaluation of the credibility and sincerity of the parties involved, the hearing court's findings are accorded deference, and will not be disturbed unless they lack a sound and

substantial basis in the record" (*Matter of Jackson v Coleman*, 94 AD3d 762, 763 [2012]; *see Matter of Preciado v Ireland*, 125 AD3d 662 [2015]).

At the custody hearing in this case, the mother admitted moving into her current home on June 28, 2011. The interlocutory judgment on custody and visitation was issued on September 10, 2013. Thus, according to the mother's own testimony, there had been no change in circumstances regarding the location of the parenting exchanges in relation to her home.

The Supreme Court also properly denied that branch of the mother's motion which was for permission to take the child to visit Indonesia. At the custody hearing in this case, the mother admitted leaving the marital residence with the child on December 7, 2009, and not contacting the father for the next two months to ask if he wanted to see the child. The Supreme Court properly determined that the mother was a flight risk.

The mother's remaining contentions are either not properly before us on this appeal or without merit. Dillon, J.P., Chambers, Dickerson and Barros, JJ., concur.