■ In the Matter of LI KA YE, Respondent, v WAI LAM SIN, Appellant. [30 NYS3d 281]—

Appeal from an order of the Family Court, Kings County (Dean T. Kusakabe, J.), dated June 19, 2015. The order, insofar as appealed from, granted that branch of the mother's petition which was for permission to travel to China with the subject child "in the summer of 2016," and permitted her to renew the child's passport without the father's consent.

Ordered that the order is modified, on the facts and in the exercise of discretion, by deleting the provision thereof granting that branch of the mother's petition which was for permission to travel to China with the subject child "in the summer of 2016," and substituting therefor a provision granting that branch of the petition which was for permission to travel to China to the extent of permitting the mother to depart for travel to China with the subject child no sooner than August 1, 2016, and return no later than August 31, 2016, on condition that, on or before July 15, 2016, the mother provides the father with (a) copies of roundtrip airline tickets for the trip for both the child and the mother, (b) a detailed travel itinerary including contact information, transportation information, and lodging information for each day of travel, and (c) a method of communicating with the child on a daily basis (once the mother

and child have arrived at their destination or destinations) in a manner that complies with the provisions in the parties' stipulation of settlement regarding daily telephone contact; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

The parties were divorced by a judgment which awarded the father certain visitation with the parties' child in accordance with an underlying stipulation. The mother thereafter commenced this proceeding in Family Court seeking, inter alia, permission to travel to China with the child in the summer of 2016, and the court granted that branch of the petition. The father appeals.

Contrary to the father's contention, the Family Court providently exercised its discretion in permitting the mother to travel to China with the child (see Matter of Orellana v Orellana, 112 AD3d 720 [2013]; Matter of Puran v Murray, 37 AD3d 472 [2007]). Although the parties' stipulation of settlement, which was incorporated but not merged into the judgment of divorce, provides that the mother cannot travel to China with the child without the father's consent, the stipulation also provides that the mother can seek a judicial determination if the father unreasonably withholds such consent. Under the circumstances presented here, the court's findings that the father's withholding of consent for the trip was unreasonable, that it was in the child's best interests to visit her relatives in China, and that the mother did not pose a flight risk have a sound and substantial basis in the record (see Matter of Noella Lum B. v Khristopher T.R., 123 AD3d 531 [2014]; see also Matter of Tori v Tori, 103 AD3d 654, 655 [2013]; Matter of Elliott v Felder, 69 AD3d 623 [2010]).

However, the provision of the Family Court's order permitting the mother to travel to China with the child "in the summer of 2016" was overly broad and we, therefore, modify the order to provide that such travel may commence no sooner than August 1, 2016, and that the child shall return to the United States with the mother no later than August 31, 2016.

Further, under the circumstances, the Family Court should have conditioned the travel to China on the mother providing the father with copies of roundtrip airline tickets for both the child and the mother, a detailed travel itinerary including contact information, transportation information, and lodging information for each day of travel, and a method of communicating with the child on a daily basis (once the mother and child have arrived at their destination or destinations) in a manner that complies with the provisions in the parties'

stipulation of settlement regarding daily telephone contact. Accordingly, the order must be further modified to direct that the mother shall satisfy these conditions on or before July 15, 2016. Balkin, J.P., Roman, Maltese and Connolly, JJ., concur.