Matter of Kayo I. v Eddie W. (2019 NY Slip Op 01133)





Matter of Kayo I. v Eddie W.


2019 NY Slip Op 01133


Decided on February 14, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 14, 2019

Renwick, J.P., Manzanet-Daniels, Oing, Moulton, JJ.


8380

[*1]In re Kayo I., Petitioner-Respondent,
v
Eddie W., Respondent-Appellant.
In re Eddie W., Petitioner-Appellant,
v
Eddie W., Petitioner-Respondent.


Robert J. Adinolfi, Flushing, for appellant.
Davis Polk & Wardwell, New York (Connie Dang of counsel), for respondent.



Order, Family Court, New York County (Douglas E. Hoffman, J.), entered on or about October 17, 2016, which, after a hearing, modified the parties' 2010 stipulation to award petitioner mother (petitioner) sole legal custody of the subject child, to order supervised visitation for respondent father, and to permit petitioner to travel to Japan with the child without respondent's consent, unanimously affirmed, without costs.
The determination that an award of sole custody to petitioner is in the best interests of the child has a sound and substantial basis in the record, which shows that, under the circumstances, joint legal custody is no longer viable (see Eschbach v Eschbach, 56 NY2d 167, 171 [1982]; Matter of Raymond A. v Lisa M.H., 115 AD3d 553 [1st Dept 2014]). In reaching its determination, the court properly considered respondent's use of physical discipline (see Matter of Joseph R. [Jasmine M.G.], 137 AD3d 420 [1st Dept 2016]), in violation of court orders, and the child's resulting reluctance to be alone with his father (see Matter of Roelofsen v Tiberie, 64 AD3d 603 [2d Dept 2009]). To the extent respondent claims that petitioner interfered in his relationship with the child, petitioner was acting on the child's behalf (see e.g. Matter of Jillian EE. v Kane FF., 165 AD3d 1407 [3d Dept 2018]).
In light of the foregoing, the court properly ordered that respondent's visitation be supervised (see Matter of Carl T. v Yajaira A.C., 95 AD3d 640, 642 [1st Dept 2012]), and recommended family therapy.
The court providently exercised its discretion in permitting petitioner, the custodial parent, to travel to Japan with the child for one month each year, upon 6 weeks notice to the father but without obtaining respondent's prior consent (see Matter of Li Ka Ye v Wai Lam Sin, 138 AD3d 994 [2d Dept 2016]; Matter of Noella Lum B. v Khristopher T.R., 123 AD3d 531 [1st Dept 2014]). The provision of the 2010 stipulation that requires respondent's consent is inconsistent with petitioner's having sole legal custody. Moreover, there is no evidence to support respondent's claim that petitioner intends to abscond to Japan with the child.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: FEBRUARY 14, 2019
CLERK