Salmon v de Salmon (2019 NY Slip Op 04435)





Salmon v de Salmon


2019 NY Slip Op 04435


Decided on June 5, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 5, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
JOSEPH J. MALTESE
COLLEEN D. DUFFY
FRANCESCA E. CONNOLLY, JJ.


2017-00354
 (Index No. 8523/15)

[*1]Steve Salmon, respondent,
v
Anabel Y. Lopez de Salmon, appellant.


Queens Legal Services Corp., Jamaica, NY (Debra Sambataro of counsel), for appellant.
Koehler & Isaacs LLP, New York, NY (Rena C. Dawson of counsel), for respondent.



DECISION & ORDER
In an action for a divorce and ancillary relief, the defendant appeals from an order of the Supreme Court, Queens County (Margaret P. McGowan, J.), dated October 24, 2016. The order denied the defendant's motion for an award of pendente lite maintenance.
ORDERED that the order is reversed, on the law and the facts, with costs, the defendant's motion for an award of pendente lite maintenance is granted, the plaintiff shall pay to the defendant the sum of $310 per month in pendente lite maintenance, retroactive to the date of the motion, and the plaintiff shall additionally pay to the defendant the sum of $100 per month in pendente lite maintenance arrears until the total arrears owed are paid.
The parties were married on September 1, 2010, and there is one unemancipated child of the marriage, who currently resides with the plaintiff. On July 14, 2015, the plaintiff commenced this action for a divorce and ancillary relief, and subsequently obtained an order of protection against the defendant that excluded her from the marital home. On March 28, 2016, the defendant moved for pendente lite maintenance. The Supreme Court calculated the presumptive amount of pendente lite maintenance pursuant to former Domestic Relations Law § 236(B)(5-a), effective October 13, 2010, but deviated from the presumptive amount and declined to make any award of pendente lite maintenance to the defendant because of the relatively short duration of the parties' marriage and the existence of the order of protection against her. The defendant appeals.
Former Domestic Relations Law § 236(B)(5-a)(e)(1) permits a court to adjust the presumptive pendente lite maintenance award under the guidelines if such award would be "unjust or inappropriate." While we agree with the plaintiff that a downward adjustment of the presumptive pendente lite maintenance award in this case was warranted by the reduction in his earnings due to a work-related injury and by the expenses he incurs in caring for the parties' child, it was inappropriate for the Supreme Court to deny the defendant any award of pendente lite maintenance.
"The purpose of pendente lite maintenance is to ensure that a needy spouse is provided with funds for his or her support and reasonable needs pending trial. It is not to determine the correct ultimate distribution" (Jin C. v Juliana L., 137 AD3d 1063, 1064; see Fales v Fales, 102 AD3d 734, 734). "A pendente lite award should be an accommodation between the reasonable needs of the moving spouse and the financial ability of the other spouse, determined with due regard for the preseparation standard of living" (Jin C. v Juliana L., 137 AD3d at 1064; see Cristando v [*2]Lozada, 118 AD3d 846, 847). "Modifications of pendente lite maintenance should rarely be made by an appellate court, and then only under exigent circumstances, such as when a party is unable to meet his or her financial obligations, or when justice otherwise requires" (Davis v Davis, 144 AD3d 623, 624; see A.K. v T.K, 150 AD3d 1091, 1094).
Here, in denying the defendant an award of pendente lite maintenance, the Supreme Court did not adequately consider the defendant's needs and inability to meet her current financial obligations (see Weinberg v Weinberg, 123 AD3d 697, 698; Chusid v Silvera, 110 AD3d 660, 661-662). Indeed, her statement of net worth indicated that her monthly expenses exceeded her monthly income, especially considering the rent she had to pay after being excluded from the marital home. After reducing the defendant's claimed monthly expenses for child care and food, we determine that the defendant's reasonable expenses equal $1,350 per month. The defendant's monthly income is $1,040, leaving a monthly deficit of $310. Furthermore, the plaintiff's statement of net worth reveals that various claimed expenditures were inflated and should have been reduced, including, but not limited to, his substantial claimed expenses for vehicle maintenance and repairs, and that the plaintiff is therefore able to pay maintenance to the defendant during the pendency of this action. Accordingly, we conclude that it is appropriate to direct the plaintiff to pay to the defendant the sum of $310 per month in pendente lite maintenance, subject to reallocation at trial. This pendente lite maintenance award is retroactive to the date of the motion (see Many v Many, 84 AD3d 1036). Therefore, we further direct the plaintiff to pay to the defendant an additional sum of $100 per month in arrears until the total arrears owed are paid.
MASTRO, J.P., MALTESE, DUFFY and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court