Matter of Scott W. v Krizzia G. (2021 NY Slip Op 02741)





Matter of Scott W. v Krizzia G.


2021 NY Slip Op 02741


Decided on May 04, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: May 04, 2021

Before: Acosta, P.J., Manzanet-Daniels, Moulton, Scarpulla, JJ. 


Docket No. V-18606-17 V-19053-17 Appeal No. 13745-13746 Case No. 2020-00528 2019-05434 

[*1]In the Matter of Scott W., Petitioner-Appellant,
v
Krizzia G., Respondent-Respondent.


Law Office of Lewis S. Calderon, Jamaica (Lewis S. Calderon of counsel), for appellant.
Steven P. Forbes, Huntington, for respondent.
Karen Freedman, Lawyers for Children, Inc., New York (Shirim Nothenberg of counsel), attorney for the child.



Order, Family Court, New York County (Jacob K. Maeroff, Referee), entered on or about December 4, 2019, which, to the extent appealed from as limited by the briefs, granted the mother physical custody of the subject child and sole decision-making authority over the child's education and granted the father sole decision-making authority over the child's medical and dental care, unanimously modified, on the facts, to vacate the grant to the father of sole decision-making authority over the child's medical and dental care and to grant such authority to the mother, and otherwise affirmed, without costs.
The record does not provide a sound basis for the grant of sole decision-making authority over the child's medical and dental care to the father. In light of the child's substantial and continuing behavioral issues in school and the resulting overlap between educational and medical issues, it makes better sense to have the mother in charge of both areas (see Rubin v Della Salla, 107 AD3d 60, 65 [1st Dept 2013]; compare Tin Yi Chu v Faye, 293 AD2d 425 [1st Dept 2002] [acrimonious relationship precluded joint authority over education]). The mother has demonstrated both the greater ability to address the child's educational, mental health, and social needs (see Matter of Celina S. v Donald S., 133 AD3d 471 [1st Dept 2015]) and the greater willingness and ability to cooperate with the other parent on the child's behalf (see Sendor v Sendor, 93 AD3d 586 [1st Dept 2012]).
The award of physical custody to the mother has a sound basis in the record. With the exception of a brief period in 2017, the mother has always been the child's primary caretaker, and nothing in the record warrants disturbing this stable custody arrangement (see Matter of Lawrence C. v Anthea P., 79 AD3d 577, 578-79 [1st Dept 2010]). THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 4, 2021