Kartik C. v Sruti R. (2024 NY Slip Op 03331)

Kartik C. v Sruti R.

2024 NY Slip Op 03331

Decided on June 18, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: June 18, 2024

Before: Webber, J.P., Gesmer, Mendez, Rosado, Michael, JJ. 

Index No. 310004/18 Appeal No. 2502 Case No. 2023-04439 

[*1]Kartik C., Respondent,
v
Sruti R., Appellant.

Jill M. Zuccardy, New York, for appellant.
Rabin Schumann and Partners LLP, New York (Gretchen Beall Schumann of counsel), for respondent.
Karen Freedman, Lawyers for Children, Inc., New York (Shirim Nothenberg of counsel), attorney for the child.

Order, Supreme Court, New York County (Tandra L. Dawson, J.), entered June 29, 2023, which, to the extent appealed from, granted plaintiff father final decision-making authority with regard to the subject child's education, granted the father parenting time on certain holidays, and required the father to provide defendant mother with the child's passport a minimum of two days prior to international travel, unanimously modified, on the facts, to vacate the grant to the father of sole decision-making authority over the child's education and to grant such authority to the mother after consultation with the father, and to change the requirement that the father provide the child's passport to the mother two days before scheduled international travel to within 48 hoursafter the mother gives him notice of any scheduled international travel, and otherwise affirmed, without costs.
The record does not provide a sound basis for the grant of sole decision-making authority over the child's education to the father (see Matter of Scott W. v Krizzia G., 194 AD3d 406, 406-407 [1st Dept 2021]; Rubin v Della Salla, 107 AD3d 60, 64-65 [1st Dept 2013]). The forensic custody expert testified that both parents are highly intelligent, value education, and have the capacity to support the child's education. However, the court's finding that the mother's objection to the child's attending a gifted and talented program at a school in the borough where the father resides was without merit is not supported by the record. The forensic expert testified that for the then five-year-old child to travel from the mother's home to a school near the father's home would be "profoundly inconvenient" and "difficult" for the child, who would have to get up earlier in the morning and whose ability to participate in after-school activities would be affected. In light of the child's young age, the father's distance from where the child resides during the week and his representations that he intended to enroll the child in a school that is close to his home, which would cause the child to have to rise earlier in the morning, would diminish her ability to participate in after-school activities near her home, and would significantly cut into the mother's quality time with the child, it is in the best interest of the child for the mother to have final decision making authority over the child's education.
Under the circumstances, the court erred in concluding that it was sufficient to require the father to provide the child's passport to the mother only two days before planned international travel. The court did not find that the mother posed a flight risk (see generally Matter of Hamad v Rizika, 117 AD3d 736, 737-738 [2d Dept 2014]; cf. Jin C. v Juliana L., 137 AD3d 1063, 1065 [2d Dept 2016]), and even assuming the risk was not nonexistent, two days is not sufficient time for the mother to seek redress in the event the father does not comply. Accordingly, the time should be modified from two [*2]days to within 48 hours after the mother gives him notice of any scheduled international travel.
There is no indication in the record that the holiday visitation schedule set by the court, given its finding that both parents have a good and loving relationship with the child, did not have a sound and substantial basis (see Matter of Flor Maria R.S. v Luis D. R., 219 AD3d 1261, 1261-1262 [1st Dept 2023]; Matter of Christopher H. v Taiesha R., 166 AD3d 548, 548 [1st Dept 2018]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 18, 2024