Matter of Daniels v Mentis (2025 NY Slip Op 00215)

Matter of Daniels v Mentis

2025 NY Slip Op 00215

Decided on January 15, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on January 15, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
ROBERT J. MILLER
LILLIAN WAN
PHILLIP HOM, JJ.

2023-10013
 (Docket No. V-7075-19)

[*1]In the Matter of Lenmark Rawlins Daniels, respondent, 
v
Bonita Olivia Mentis, appellant. Adetokunbo Oseni, Brooklyn, NY, for appellant. Kyle Sosebee, Brooklyn, NY, for respondent.

Liberty Aldrich, Brooklyn, NY (Janet Neustaetter, Maia Smith, and Rachel J. Stanton of counsel), attorney for the child.

DECISION & ORDER
In a proceeding pursuant to Family Court Act article 6, the mother appeals from an order of the Family Court, Kings County (Nisha Menon, J.), dated October 16, 2023. The order, insofar as appealed from, after a hearing, granted that branch of the father's petition which was for parental access with the parties' child outside the United States.
ORDERED that the order is affirmed insofar as appealed from, without costs or disbursements.
The parties, who were never married, are the parents of one child, born in 2011. In 2019, the father filed a petition seeking parental access, and the mother thereafter filed a petition for custody. Throughout the proceedings, the Family Court steadily increased the father's parental access. The child expressed that he enjoyed his time with the father and that he had no concerns about spending time with either parent. In October 2023, after the parties resolved most of the issues regarding custody and parental access, the court held a hearing on the sole remaining issue of whether the father could travel internationally with the child during the father's periods of extended parenting time. After the hearing, the court determined that traveling internationally with the father was in the child's best interest. By order dated October 16, 2023, the court, after a hearing, inter alia, granted that branch of the father's petition which was for parental access with the child outside the United States. The mother appeals.
"The court's paramount concern when making any custody determination is the best interests of the children, as determined upon a consideration of the totality of the circumstances" (Matter of Wright v Burke, 226 AD3d 694, 695 [internal quotation marks omitted]; see Matter of Pritchard v Coelho, 177 AD3d 887, 888). "Since the Family Court's determination with respect to custody and parental access depends to a great extent upon its assessment of the credibility of the witnesses and upon the character, temperament, and sincerity of the parties, its findings are generally accorded great deference and will not be disturbed unless they lack a sound and substantial basis in the record" (Matter of Natter v Honovich, 230 AD3d 1319, 1320; see Matter of Limanov v Limanov, [*2]225 AD3d 872, 874).
Here, the Family Court's determination to award the father parental access with the child outside the United States has a sound and substantial basis in the record and will not be disturbed (see Matter of Limanov v Limanov, 225 AD3d at 874; Matter of Graffagnino v Esposito, 223 AD3d 805, 807-808; see also Matter of Li Ka Ye v Wai Lam Sin, 138 AD3d 994, 995).
DILLON, J.P., MILLER, WAN and HOM, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court