Matter of Noemi A.T.R. v Fabion A.R. (2025 NY Slip Op 02665)

Matter of Noemi A.T.R. v Fabion A.R.

2025 NY Slip Op 02665

Decided on May 01, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: May 01, 2025

Before: Renwick, P.J., Manzanet-Daniels, Higgitt, Rosado, Michael, JJ. 

. V-15695/22 Case No. 2024-04186|Docket No. V-15695/22|Appeal No. 4235|Case No. 2024-04186|

[*1]In the Matter of Noemi A.T.R., Petitioner-Respondent,
v
Fabion A.R., Respondent-Appellant. 

Jessica M. Brown, Hartsdale, for appellant.
Bruce A. Young, New York, for respondent.

Order, Family Court, Bronx County (Jessica M. Crafton, Ref.), entered on or about June 24, 2024, which, to the extent appealed from as limited the briefs, following a fact-finding hearing, awarded sole legal and physical custody of the subject child to petitioner mother with a parenting access schedule to the father, unanimously affirmed, without costs.
Sound and substantial evidence supports the Family Court's determination, issued after a full evidentiary hearing at which both parents testified, that it was in the child's best interests to grant the mother's petition for sole legal and residential custody (see Eschbach v Eschbach, 56 NY2d 167, 173 [1982]; Matter of Kimberly J. v Benjamin G., 227 AD3d 471, 472 [1st Dept 2024]). Joint legal custody is not appropriate because the mother has been responsible for major decisions about the child, with little input or interest from the father (see Matter of Johanna Del C.T. v Gregorio A.L., 178 AD3d 430, 431 [1st Dept 2019]), and the parties have been unable to effectively coparent (see Matter of Markis L. v Jacquelyn C., 189 AD3d 580, 581 [1st Dept 2020]).
We find no basis to disturb the determination that awarding sole custody to the mother was in the child's best interests. The court was in the best position to evaluate the parties' testimony, character, and sincerity (see Matter of Ivan J. v Felicia V., 228 AD3d 506, 506 [1st Dept 2024]). The mother has been the child's primary caregiver since birth and had taken a proactive role in attending to the child's medical, educational, and extracurricular needs (see Matter of Frank G. v Crystal C., 198 AD3d 455, 456 [1st Dept 2021]). The father acknowledged that he had not been involved in the child's schooling or medical decisions and relied entirely on the mother to handle these responsibilities without offering any assistance. Moreover, throughout the two-year pendency of the case, the father never filed a cross-petition for custody.
Furthermore, of the two parties, the mother demonstrated a greater willingness and ability to cooperate with the father for the benefit of the child (see Matter of Scott W. v Krizzia G., 194 AD3d 406, 407 [1st Dept 2021]). Despite the parties' contentious relationship and history, the mother had consistently been flexible and open to facilitating contact between the father and the child. She also informed him about issues related to the child and kept him apprised of important decisions. In contrast, the father repeatedly engaged in behavior that raised concerns about his ability to make joint decisions for the child — for example, insisting on communicating with the mother only by email and then failing to respond to her messages. Furthermore, although the father was aware that the mother had resorted to contacting him by texting his girlfriend because she could not text him otherwise, he failed to change his behavior.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT[*2].
ENTERED: May 1, 2025