LZ v WZ (2025 NY Slip Op 51061(U))

[*1]

LZ v WZ

2025 NY Slip Op 51061(U)

Decided on June 26, 2025

Supreme Court, Richmond County

Castorina, Jr., J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on June 26, 2025
Supreme Court, Richmond County

LZ, Plaintiff,

against
WZ, Defendant.

Index No. REDACTED

Attorney for the Plaintiff
Maryam Jahedi 
Maryam Jahedi Law Firm P.C. 
111 Broadway Rm 707
New York, NY 10006 
Phone: (646) 828-8890 
E-mail: [email protected]
Attorney for the Defendant
Maria Patelis 
Maria Patelis Esq. 
7024 18th Avenue
Brooklyn, NY 11204 
Phone: (917) 653-7214 
E-mail: [email protected]

Ronald Castorina, Jr., J.

Statement Pursuant to CPLR § 2219
The following e-filed documents listed on NYSCEF (Motion No. 001) numbered 32-50; 52-58 were read on these motions. Oral argument was completed on June 16, 2025. This is a final Decision and Order on Motion Sequence No. 001 and Motion Sequence No. 002.
This matter comes before the Court on the motion of Plaintiff, LZ, by Order to Show Cause, seeking an adjudication of civil contempt against Defendant, WZ, for failure to comply with the Child Support Order dated December 17, 2024; issuance of a coercive contempt remedy [*2]with a purge condition; pendente lite maintenance; interim counsel fees; reallocation of expert costs; and such other and further relief as the Court deems just and proper. The Defendant has interposed a cross-motion seeking reargument and downward modification of the child support order and requesting sanctions against Plaintiff's counsel.
The Court, having fully reviewed the affidavits, exhibits, pleadings, and prior proceedings, and having considered the parties' respective positions, finds as follows:
I. Facts
The parties were married on XX XX, 1997, and have four children. Their marriage, spanning over twenty-seven years: the Plaintiff maintained the household and raised the parties' children, while the Defendant operated and grew a cash-intensive business enterprise.
The parties physically separated in 2019, following Defendant's disclosure of his intent to take a second wife — a course of conduct that precipitated the breakdown of the marriage. Despite the separation, Defendant continued to financially support Plaintiff and their children until the start of 2024, when he unilaterally and without justification terminated all such support.
On December 17, 2024, the Honorable Paul Marrone, Jr. issued an interim Child Support Order directing Defendant to pay Plaintiff $1,900.00 per month for the support of their unemancipated child, AZ. Defendant was present in court and represented by counsel. He has not paid a single dollar pursuant to that Order.
Plaintiff's submissions detail — with documentary specificity — Defendant's systematic efforts to conceal income, evade disclosure obligations, and obstruct court proceedings. Despite claiming minimal or no income in his Statement of Net Worth and 2023 tax return, Defendant operates LPI, an ATM business which, according to bank statements submitted, 
receives monthly deposits well in excess of $300,000.00, largely from SC, an ATM processing vendor. These funds are consistently withdrawn and transferred in equivalent amounts, leaving negligible balances — a classic hallmark of financial concealment and income dissipation.
Notably, Defendant omitted numerous personal and business accounts from his sworn financial statements and failed to comply with discovery and court orders compelling disclosure. His 2023 personal tax return reported only $10,605.00 in rental income and $0 taxable income, despite his documented expenditures and business cash flow that far exceed these figures.
Further compounding his defiance, Defendant intervened in an insurance payout following his daughter's vehicular accident and diverted an $8,466.34 settlement check to himself — at a time when he was already two months in arrears on court-ordered support obligations.
Plaintiff has since been forced to borrow money from family members to sustain litigation and maintain basic household expenses. She earns a modest salary as a teacher at a private Islamic school, significantly below public-sector compensation levels, and is the primary custodian of the parties' minor child.
Defendant's conduct throughout this litigation has been evasive, deceptive, and demonstrative of an intent to frustrate this Court's authority and shirk his legal obligations to his family.
II. Conclusions of Law
A. Contempt of Court — Judiciary Law § 753 [A]
"A motion to punish a party for civil contempt is addressed to the sound discretion of the motion court" (see Matter of Mendoza-Pautrat v Razdan, 160 AD3d 963 [2d Dept 2018] citing Cassarino v Cassarino, 149 AD3d 689 [2d Dept 2017]; Matter of Hughes v Kameneva, 96 AD3d [*3]845 [2d Dept 2012]; Chambers v Old Stone Hill Rd. Assoc., 66 AD3d 944 [2d Dept 2009]).
The movant in a civil contempt motion bears the burden of proof. (see id citing Vujovic v Vujovic, 16 AD3d 490 [2d Dept 2005]; Rupp-Elmasri v. Elmasri, 305 AD2d 394 [2d Dept 2003]).
A party may be held in civil contempt under Judiciary Law § 753 [A] when four elements are met by clear and convincing evidence: (1) a lawful order of the court exists; (2) the order clearly expresses an unequivocal mandate; (3) the party had knowledge of the order; and (4) the party willfully disobeyed the order, resulting in prejudice to the rights of a party. (See El-Dehdan v. El-Dehdan, 26 NY3d 19 [2015]; McCormick v. Axelrod, 59 NY2d 574 [1983].
Each of these elements is resoundingly established here. The Child Support Order, duly issued by this Court on December 17, 2024, was unequivocal in its terms. Defendant was present when it was issued and remains represented by counsel. His failure to pay any portion of the support obligation for five consecutive months is willful, inexcusable, and prejudicial to both Plaintiff and the parties' minor child.
This Court does not — and shall not — countenance deliberate defiance of its lawful orders, particularly in matters affecting the welfare of a child. The failure to pay court-ordered child support is not merely a procedural misstep; it is a moral and legal dereliction that strikes at the heart of judicial authority and parental duty. Defendant's willful noncompliance constitutes a flagrant affront to this Court, and his manipulation of income records borders on financial fraud.
Defendant is therefore adjudicated in civil contempt pursuant to Judiciary Law § 753 [A].
B. Pendente Lite Maintenance — DRL § 236 [B]
"The purpose of pendente lite maintenance is to ensure that a needy spouse is provided with funds for his or her support and reasonable needs pending trial. It is not to determine the correct ultimate distribution" (see Salmon v de Salmon, 173 AD3d 793 [2d Dept 2019] quoting Jin C. v Juliana L., 137 AD3d 1063 [2d Dept 2016]; citing Fales v Fales, 102 AD3d 734 [2d Dept 2013]).
"A pendente lite award should be an accommodation between the reasonable needs of the moving spouse and the financial ability of the other spouse, determined with due regard for the preseparation standard of living" (see id quoting Jin C. v Juliana L., 137 AD3d 1063 [2d Dept 2016]; citing Cristando v Lozada, 118 AD3d 846 [2d Dept 2014]).
"In determining a party's maintenance and child support obligations, '[a] court need not rely upon a party's own account of his [or her] finances, but may impute income based upon the party's past income or demonstrated future potential earnings'" (see Tuchman v Tuchman, 201 AD3d 986 [2d Dept 2022] quoting Duffy v Duffy, 84 AD3d 1151 [2d Dept 2011]; citing Steinberg v Steinberg, 59 AD3d 702 [2d Dept 2009]).
"The court may impute income to a party based on his or her employment history, future earning capacity, educational background, or money received from friends and relatives" (see id quoting Duffy v Duffy, 84 AD3d 1151 [2d Dept 2011]; citing Matter of Rohme v Burns, 92 AD3d 946 [2d Dept 2012]; Wesche v Wesche, 77 AD3d 921 [2d Dept 2010]).
"Where a party's account is not believable, the court may impute a true or potential income higher than alleged" (see id quoting Wesche v Wesche, 77 AD3d 921 [2d Dept 2010]; citing Duffy v Duffy, 84 AD3d 1151 [2d Dept 2011]). "The court has considerable discretion in determining whether income should be imputed to a party and the court's credibility determinations are accorded deference on appeal" (see id quoting Matter of Monti v DiBedendetto, 151 AD3d 864 [2d Dept 2017]; citing Matter of Kiernan v Martin, 108 AD3d 767 [*4][2d Dept 2013]).
The parties' nearly three-decade marriage, combined with Plaintiff's role as primary caretaker and homemaker, and Defendant's significantly superior (albeit concealed) earning capacity, warrants an award of temporary spousal maintenance.
The Court finds that Defendant's income is grossly underreported, and imputation is appropriate. The record shows regular deposits in excess of $300,000.00 per month into his business accounts. While he attempts to characterize this as "cash recycling," the absence of supporting documentation, the volume and nature of the transactions, and his concurrent lifestyle suggest otherwise.
Plaintiff is therefore awarded pendente lite maintenance in the amount of $2,000.00 per month, payable on the first of each month beginning June 1, 2025.
C. Interim Attorney's Fees — DRL § 237(a)
Pursuant to Domestic Relations Law § 237 [a], "There shall be a rebuttable presumption that counsel fees shall be awarded to the less monied spouse. In exercising the court's discretion, the court shall seek to assure that each party shall be adequately represented and that where fees and expenses are to be awarded." "An award of reasonable counsel fees in a matrimonial action is a matter within the discretion of the trial court[.]" (see Guzzo v Guzzo, 110 AD3d 765 [2d Dept 2013] citing Domestic Relations Law § 237; De Cabrera v. Cabrera-Rosete, 70 NY2d 879 [1987]; Quinn v Quinn, 73 AD3d 887 [2d Dept 2010]).
"For matrimonial actions such as this one, commenced on or after October 12, 2010, there is a statutory 'rebuttable presumption that counsel fees shall be awarded to the less monied spouse[.]'" (see Weidman v Weidman, 162 AD3d 720 [2d Dept 2018] quoting Domestic Relations Law § 237 [a]; citing Teaney v. Teaney, 138 AD3d 1301 [3rd Dept 2016]; Vantine v Vantine, 125 AD3d 1259 [3rd Dept 2018]). "[I]n exercising its discretionary power to award counsel fees, a court should review the financial circumstances of both parties together with all the other circumstances of the case[.]" (see id quoting De Cabrera v Cabrera-Rosete, 70 NY2d 879 [1987]).
In exercising its discretionary power to award counsel fees, the court has reviewed the financial circumstances of both parties together with all the other circumstances of the case, including the relative merit of the parties' positions, as well as the tactics of the Defendant in unnecessarily prolonging the litigation. (see Franco v Franco, 97 AD3d 785 [2d Dept 2012]; citing De Cabrera v Cabrera-Rosete, 70 NY2d 879 [1987]; Powers v Wilson, 56 AD3d 639 [2d Dept 2008]; Prichep v Prichep, 52 AD3d 61 [2d Dept 2008]).
The record reveals that Plaintiff has incurred over $14,000.00 in attorney's fees, paid in part through familial loans, while Defendant has unilaterally refused to comply with court orders and continues to obstruct financial disclosure.
Plaintiff is awarded $15,000.00 [FIFTEEN THOUSAND DOLLARS AND NO CENTS] in interim counsel fees, to be paid by Defendant within 30 days of service of this Decision and Order with notice of entry.
D. Allocation of Appraisal Costs
Defendant's failure to provide complete and accurate financial documentation, together with his active concealment of business income, justifies reallocation of expert appraisal costs. Accordingly, the Court directs that Defendant shall pay 100% of all costs associated with the appraisal of LPI.
III. Civil Contempt Remedy — Purge Provision
Accordingly, it is hereby:
ORDERED, that Defendant WZ is hereby adjudged in civil contempt of this Court for his willful violation of the Child Support Order dated December 17, 2024; and it is further,
ORDERED, that to purge said contempt, Defendant shall pay the sum of $9,500.00 [NINE THOUSAND FIVE HUNDRED DOLLARS AND NO CENTS]— representing child support arrears through May 31, 2025 — to the Plaintiff within ten (10) days of service of this Decision and Order with notice of entry; and it is further,
ORDERED, that in the event Defendant fails to purge the contempt as set forth herein, he is directed to appear before this Court at Matrimonial Part 7, Supreme Court, Richmond County, 26 Central Avenue, Staten Island, NY, on August 5, 2025, at 9:30 A.M., to be heard as to why he should not be committed to civil jail for continued willful disobedience of this Court's lawful directive; and it is further,
ORDERED, that failure to appear at said hearing may result in the immediate issuance of a warrant of arrest and incarceration until the contempt is purged or further order of the Court is issued; and it is further,
ORDERED, that the contempt remedy is issued in lieu of a money judgment for arrears at this time, without prejudice to Plaintiff seeking entry of judgment should the contempt remain unpurged.
IV. Defendant's Cross-Motion
Defendant's Cross-Motion Sequence No. 002 for reargument and downward modification is patently without merit. The December 17, 2024 Child Support Order pertains solely to the parties' unemancipated child. Defendant's financial protestations are belied by documentary evidence and contradicted by his own sworn submissions.
The request for sanctions against Plaintiff's counsel is both frivolous and offensive. The cross-motion is therefore DENIED in its entirety; and it is further,
ORDERED that the Order of this Court, dated June 16, 2025, (NY St Cts Filing [NYSCEF] Doc No. 58) is VACATED.
V. Conclusion and Further Decretal Paragraphs
This Court will not permit a party to defy its orders with impunity, nor will it countenance the systemic evasion of financial obligations owed to one's own child. The Defendant's conduct is not only legally indefensible — it is morally reprehensible.
Accordingly, it is
ORDERED, that Plaintiff's Motion Sequence No. 001 is GRANTED to the extent of this Decision and Order; and it is further,
ORDERED, that Defendant is to pay to Plaintiff the amount of $15,000.00 [FIFTEEN THOUSAND DOLLARS AND NO CENTS] in interim counsel fees, to be paid by Defendant within 30 days of service of this Decision and Order with notice of entry.
ORDERED, that Defendant's Cross-Motion Sequence No. 002 is DENIED in its entirety; and it is further,
ORDERED, that service of this Decision and Order with Notice of Entry upon Defendant's counsel via NYSCEF and electronic mail shall be deemed good and sufficient.
This constitutes the final Decision and Order of the Court on Motion Sequence No. 001 and Motion Sequence No. 002. 
Dated: June 26, 2025
Staten Island, New York
E N T E R,
HON. RONALD CASTORINA, JR.
JUSTICE OF THE SUPREME COURT