Matter of S.J. v B.B. (2025 NY Slip Op 07336)

Matter of S.J. v B.B.

2025 NY Slip Op 07336

Decided on December 30, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: December 30, 2025

Before: Moulton, J.P., Scarpulla, Rosado, O'Neill Levy, Chan, JJ. 

Docket No. V-09665/19 V-09666/19 V-23646/18 V-23647/18|Appeal No. 5461-5461A,5461B,5461C|Case No. 2021-01797 2023-01403 2024-04604|

[*1]In the Matter of S.J., Petitioner-Appellant,
vB.B., Respondent-Respondent. 

George E. Reed, JR., White Plains, for appellant.
Larry S. Bachner, New York, for respondent.
Deborah D. Clegg, Croton Falls, attorney for the child, SEB.B.
Karen D. Steinberg, New York, attorney for the child, SOP.B.

Order, Family Court, Bronx County (Jennifer S. Burtt, Ref.), entered on or about February 22, 2023, which, to the extent appealed from as limited by the briefs, modified a final order of custody and visitation, same court and Referee, entered on or about May 4, 2021, by setting forth additional terms concerning the father's international travel with the subject children, unanimously affirmed, without costs. Appeal from aforesaid final order of custody and visitation, which, to the extent appealed from as limited by the briefs, permitted the father to travel internationally with the children, unanimously dismissed, without costs, as superseded by the modification order. Appeal from order, same court and Referee, entered on or about July 2, 2024, which, to the extent appealed from as limited by the briefs, decided father's violation petition, and reiterated the father's right to travel internationally with the children and compelled the mother's compliance with the February 22, 2023 order, unanimously dismissed, without costs, as academic. Initially, the mother's appeals are not frivolous, as they pertain to the children's best interests with respect to future international travel (see Matter of Ronald C. v Sherry B., 144 AD3d 545, 546 [1st Dept 2016], lv dismissed 29 NY3d 965 [2017]), and are properly before this Court, however they are unavailing for the reasons described herein.
Family Court providently held that it was in the children's best interests to allow them to travel internationally with the father (id.). Furthermore, while not dispositive, the attorneys for the children report that the children enjoy traveling with the father and wish to continue to do so in the future. The court limited the father's international travel with the children to nations that are signatories of the Hague Convention (cf. Matter of Naamye Nyarko B. v Goodwin Edwin C., 198 AD3d 453 [1st Dept 2021]), and further addressed the mother's concerns by, among other things, prohibiting any international travel until the children reached the ages of 10 and 12, respectively, and requiring the father to provide the mother with advance notice of any travel. Additionally, the court mandated the activation of location tracking on the children's smart watches for the duration of the travel. Furthermore, nothing in the record indicates that the father poses a flight risk (see Matter of Li Ka Ye v Wai Lam Sin, 138 AD3d 994, 995 [2d Dept 2016]).
To the extent the mother sought to modify the parties' final custody order, which permitted the father to travel internationally with the children, she failed to demonstrate any "significant change in circumstances warranting modification . . . to prohibit international travel" (Matter of Noella Lum B. v Khristopher T.R., 123 AD3d 531, 531 [1st Dept 2014]). The father has already traveled internationally with the children and returned with them to the United States without incident.
We have considered the mother's remaining arguments and find them unavailing. 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 30, 2025